

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

January 12, 2023

**BY ECF**

Hon. Marian W. Payson
United States Magistrate Judge
100 State Street
Rochester, New York 14614

    Re:    <u>SEC v. City of Rochester et al</u>., Case No. 22-cv-6273-EAW-MWP

Dear Judge Payson,

    The undersigned, on behalf of Plaintiff United States Securities and Exchange Commission ("SEC"), writes in response to the CMA Defendants' letter to this Court of January 10, 2023 (the "CMA Letter") (Dkt. 37), this Court's January 11, 2023 Order (Dkt. 38), and the City Defendants' letter of January 11, 2023 (the "City Letter") (Dkt. 39).

    Before responding to the CMA Letter, it is important to identify the consensus reached between the SEC and the City Defendants regarding participation in the January 30 settlement conference (the "Conference"). As set forth in the City Letter, requiring individual SEC Commissioners to participate in the Conference would not advance the settlement process. An individual Commissioner has one vote in a currently five person Commission and possesses no independent authority to recommend settlements to the full Commission. The City Defendants also agree with the SEC that the availability and involvement of a senior SEC officer with authority to make recommendations to the full Commission satisfies the need for party appearance at the Conference and that a Commissioner need not attend nor participate in the Conference. Thus, the SEC will make LeeAnn Gaunt, the head of the SEC's Public Finance Abuse Unit, available by phone for the entirety of the Conference. Moreover, as requested by the City Defendants, Ms. Gaunt will be an active telephonic participant in the Conference and will listen to any opening and other statements made by Defendants and respond to any questions of the Court.

    As for the CMA Letter, it makes no legitimate arguments in support of its request to compel an individual, presidentially appointed SEC Commissioner to participate in the Conference. First, the CMA Letter does not offer ***any*** case law supporting its position

that an SEC Commissioner be available to speak with the Court during the Conference. Instead, it begins with a false premise – that the SEC's proposed relief seeks to eliminate any possibility for the Court to communicate with the Commission. This is simply wrong. To the contrary and as discussed in our original letter, the senior staff at the SEC routinely functions as a conduit to the Commission. The undersigned and the senior staff will deliver any directives or suggestions from the Court to the entire Commission as a part of any settlement process. Having a senior official from the SEC – Ms. LeAnn Gaunt – participate via phone more than adequately ensures that the SEC's participation in the Conference will be meaningful and that appropriate recommendations relating to settlement will be made to the Commission.

Second, the CMA Letter obfuscates why the SEC is seeking this relief. It is not sought to impede or limit the Court's access to the SEC as a litigating party. Instead, the primary reason is that the business of the Commission includes, but is not limited to, hundreds of cases in either active litigation or investigation, as well as rulemaking, overseeing the various SEC divisions and offices responsible for regulating capital markets, and managing a large executive agency and its thousands of employees. Thus, it would be all but impossible for a Commissioner to be available during settlement conferences such as this. As stated in our initial letter, courts across the country have acknowledged this inherent difficulty for government plaintiffs and have routinely granted the relief requested by the SEC. In fact, denying such a request would represent a significant departure from settled law.[1]

Finally, the CMA Defendants' demand that they have access to one Commissioner ignores how the Commission functions. Again, the Commission requires a majority vote to act on any major client decision concerning a litigating case – including settlement. Thus, the CMA Defendants' request to have one Commissioner available during mediation would do little, if anything, to aid in the process.

Accordingly, the SEC respectfully requests that the Court allow the SEC to proceed at the January 30 conference with Mr. Hansen's in-person attendance, Mr. Carlson's telephonic attendance, and Ms. Gaunt's substantial participation and availability by phone.

No Commissioner needs to appear or participate in the settlement conference. Mr. Carlson shall appear virtually (telephonically is acceptable) for the entirety of the conference. Ms. Gaunt shall appear virtually (telephonically is acceptable) for all those portions dealing with indemnification or any other portions that the Court directs and thus must be available for the entirety of the conference.
IT IS SO ORDERED.

    *s/Marian W. Payson*
    Hon. Marian W. Payson
    United States Magistrate Judge
Dated: January 12, 2023

Respectfully submitted,

Eugene N. Hansen
Trial Counsel

---

[1] The CMA Letter fails to list even a single instance where a Court has ordered an SEC Commissioner to be available during a settlement conference or mediation.

The Hon. Marian W. Payson
January 12, 2023
Page **3** of **3**

                                              U.S. Securities and Exchange Commission
100 F St. NE
Washington, DC 20549
Tel: (202) 551-6091
hansene@sec.gov

cc:   All counsel (by ECF)