Exhibit 49

EXHIBIT 21
HO-14052   10/21/21

# Policies and Procedures Handbook
## for MSRB Rule G-44 Compliance
*Prepared as of January 1, 2016*



CapitalMarketsAdvisors,LLC

Confidential Treatment Requested by Capital Markets Advisors, LLC

CMA_0001

# Introduction

The Dodd-Frank Wall Street Reform and Consumer Protection Act required that the MSRB develop a regulatory framework for municipal advisors, including establishing professional standards.

# MSRB Rule G-20

# Gifts and Gratuities to Public Jurisdictions and their Employees

 - effective May 6, 2016

MSRB Rule G-20, which has been in place for some time for brokers and dealers, was extended to municipal advisors and their associated persons on May 6, 2016.  A copy of the Rule is attached to this Manual as an appendix.   An overview of the Rule follows.

The Rule limits gifts given by municipal advisors to recipients who are employed by public jurisdictions.  The Rule generally prohibits a municipal advisor from providing directly or indirectly, gifts, gratuities or any thing or service of value in excess of $100 per person, per year.  For purposes of aggregating gifts to get to the $100 limit, a "year" can be a calendar year, fiscal year or a rolling year that starts the date of the first gift is given.

Excluded from the $100 limit are gifts that qualify "as normal business dealings" such as occasional gifts of meals or tickets to theatrical, sporting or other entertainment **provided the municipal advisor hosts and attends the event**. Gifts qualify as "normal business dealings" that are excluded from the $100 limit only if they are not "so frequent or so extensive as to raise any question of propriety".

Gifts that (i) commemorate a transaction (Lucite cubes) or (ii) are of de minimus value (pens and notepads) or (iii) are of a promotional nature and bear the CMA logo and are substantially below $100, **are excluded from the Rule**.

The municipal advisor cannot seek reimbursement from the client from the proceeds of an offering for the cost of a gift or entertainment provided to the client by the municipal advisor or one of its associated persons.  The municipal advisor may pay the cost of, and be reimbursed for, transportation by the client to a rating presentation or similar event related to a transaction.

Bereavement gifts and gifts commemorating an infrequent life event such as a wedding or birth of a child are excluded from the Rule.

CMA is required to make and keep records of all gifts and gratuities that are subject to the $100 limit.



2

**Record Keeping Related to Gifts and Gratuities**

All client gifts should be pre-approved in writing by either Rick Ganci or Richard Tortora on the CMA Gift and Gratuities form, a copy of which is attached hereto as an appendix to this Manual.  The person intending to make the gift should complete the CMA Gift and Gratuities Form that provides the following information:

1. Date of the gift
2. Name of the gift giver
3. Title of the gift giver
4. Name of the recipient
5. Title of the recipient
6. Name the jurisdiction
7. Description of the gift
8. Value of the gift
9. Other gifts given to this individual in the past 12 months

Receipts for each gift should be kept by the gift giver and forwarded to the supervisor with the Gift and Gratuities Form.

CMA maintains records on three levels:

1. Every CMA employee who gives a gift should maintain their own contemporaneous records and copy the administrator at their office: Eileen Duggan in Great Neck, Linda Lorentz in Orchard Park, Jen Misiano in Syosset and Lynn Beal in Hopewell Junction

2. Each office administrator should maintain records of all of the gifts generated in their offices and send it to the firm administrator, Ellen Death at the end of each week, and

3. Ellen Death maintains records of all gifts, firm wide, in the Orchard Park office.

Records can be maintained on a calendar year, fiscal year or rolling year basis commencing on the first date a gift is given to a client.   The Rule requires that the record keeper be consistent.

**MSRB Rule G 37**



3

**Political Contributions to Elected Officials Involved in MA Selection**

 **- affective August 17, 2016**

MSRB Rule G-37, which has been in place for some time for brokers and dealers, was extended to municipal advisors and their third party solicitors on May 17, 2016. A copy of the Rule is attached to this Manual as an appendix. An overview of the Rule follows.

**Overview**    Rule G-37 severely limits political contributions by municipal advisors to elected officials who could affect a decision involving the selection of a municipal advisor. The Rule only permits contributions up to $250 per election for individuals who the municipal advisor can actually vote for. For example, if you live in the town of North Hempstead in Nassau County, you can contribute up to $250 for Nassau County Executive Ed Mangano in a primary election and up to another $250 to him in the general election. You can do the same for North Hempstead Supervisor Judi Bosworth. You can not contribute at all to Suffolk County Executive Steve Bellone since you can not vote for him.

Municipal advisors are also limited from making a contribution in excess of $250 to a "bond ballot" campaign with the intention of influencing the decision to issue municipal securities in a jurisdiction where they can vote. A municipal advisor can not contribute for a bond ballot campaign in a jurisdiction where he or she can not vote.

If any CMA employee were to contribute to any elected official in violation of this Rule, CMA would be precluded from doing business with the jurisdiction represented by the elected official for 2 years. A municipal advisor also can not solicit a third person to make a political contribution to an official who can influence a decision to hire a financial advisor. The Rule also has a look back period for newly hired employees so they must be vetted carefully.

CMA will be required to file quarterly, Form G-37 reports with the MSRB on the last day of January, April, July and October each year, listing its political contributions.

All political contributions must be pre-approved in writing by one of CMA's two principals, namely Rick Ganci or Richard Tortora

**MSRB Rule G-44**



4

## Supervisory and Compliance Obligations – effective August 23, 2016

MSRB Rule G-44 establishes supervisory and compliance obligations of municipal advisors when engaged in municipal advisory activities including Capital Markets Advisors, LLC ("CMA").  A municipal advisor's supervisory system should include written supervisory procedures reasonably designed to achieve compliance with applicable laws and regulations, including MSRB rules.  Rule G-44 is effective as of August 23, 2015 except for Rule G-44 (d) on annual certification requirements, which is effective as of April 23, 2016.

## Designated Personnel

### Supervisory Principals
MSRB Rule G-44 (a)(ii) requires the designation of one or more of the firm's municipal advisor principals to carry out the firm's supervisory responsibilities.  CMA President & Principal Richard Tortora ("Tortora") and CMA Senior Vice President & Principal Rick Ganci ("Ganci") are hereby designated to carry out the firm's Supervisory responsibilities and shall serve in that capacity until another qualified principal(s) of the firm is designated to replace one or both of them.  Tortora and Ganci have both taken and passed the MSRB's Municipal Advisor Representative Qualification Examination (Series 50) as required under Rule G-44.  Each will also take any subsequent principal-level qualification examination developed by the MSRB.

### Chief Compliance Officer
MSRB Rule G-44 (c) requires the municipal advisor to designate an individual to serve as it's chief compliance officer ("CCO").  Tortora is herby designated as CMA's CCO and he shall serve in that capacity until another qualified principal of the firm is designated to replace him.

### Supervisory Procedures and Compliance

### Municipal Advisor Representatives

The Series 50 Examination for municipal advisor representatives was developed as a part of the fulfillment of that mandate. A municipal advisor representative is a natural person associated with a municipal advisor who engages in municipal advisory activities on the municipal advisor's behalf. The examination is intended to measure the degree to which candidates have demonstrated knowledge and skills necessary to perform the responsibilities of a municipal advisor representative.



5

In order to register for the Series 50 examination, a candidate must be associated with a municipal advisor firm that is registered with both the Securities and Exchange Commission and the MSRB. CMA Is registered with both the SEC and the MSRB as a municipal advisor firm.

The following CMA employees and consultants were required to take the Series 50 Exam as of January 1, 2016:

|    | Name | Title | Date Taken | Status |
|----|------|-------|------------|--------|
| 1  | Richard Tortora | President | 2/09/16 | Passed |
| 2  | Rick Ganci | Sr. Vice President | 1/27/16 | Passed |
| 3  | Bob Kerr | Sr. Financial Advisor Consultant | 1/26/16 | Passed |
| 4  | Anthony Nash | Vice President | 2/02/16 | Passed |
| 5  | Janet Morley | Vice President | 2/11/16 | Passed |
| 6  | Beth Ferguson | Vice President | 2/02/16 | Passed |
| 7  | Marie DePalo | Vice President | 2/12/16 | Passed |
| 8  | Natalie Sopack | Vice President | 2/12/16 | **Failed** |
| 9  | James Nytko | Assistant Vice President | 2/02/16 | Passed |
| 10 | Alex Kerr | Assistant Vice President | 2/12/16 | **Failed** |
| 11 | Ryan Neumeister | Associate | 2/02/16 | **Failed** |
| 12 | Tom Vouzakis | Associate | 2/05/16 | Passed |
| 13 | Liz Vail | Analyst | 2/02/16 | **Failed** |

Municipal Advisors must pass the Series 50 Exam by September 12, 2017 if they are to continue to give advice to clients.

**Books and Record Retention**



6

Pursuant to Sec.240.15Ba1-8, CMA shall make and keep true, accurate and current the following books and records relating to its municipal advisory activities:

1) Originals or copies of all written communications received and originals or copies of all written communications sent, by CMA (including inter-office memoranda and communications) relating to municipal advisory services, regardless of the format of such communications;

2) All check books, bank statements, general ledgers, cancelled checks and cash reconciliations of CMA;

3) A copy of each version of CMA's policies and procedures, if any, that

    i. Are in effect; or
    ii. At any time within the last five years were in effect, not including those in effect prior to January 13, 2014

4) A copy of any document created by CMA that was material to making a recommendation to a municipal entity or obligated person or that memorializes the basis for that recommendation;

5) All written agreements (or copies thereof) entered into by CMA with any municipal entity, employee of a municipal entity, or an obligated person or otherwise relating to the business of CMA;

6) A record of the names of persons who are currently, or within the past five years were, associated with CMA, not including persons associated with CMA prior to January 13, 2014;

7) Books and records containing a list or record of:

    i. The names titles and business and residence addresses of all persons associated with CMA;
    ii. All municipal entities or obligated persons with which CMA is engaging or has engaged in municipal advisory services in the past five years, not including those prior to January 13, 2014;
    iii. The name and business address of each person to whom CMA provides or agrees to provide, directly or indirectly, payment to solicit a municipal entity, an employee of a municipal entity, or an obligated person on its behalf; and
    iv. The name and business address of each person that provides or agrees to provide, directly or indirectly, payment to CMA to solicit a municipal entity, an employee of a municipal entity, or an obligated person on its behalf; and

7



Confidential Treatment Requested by Capital Markets Advisors, LLC

CMA_0007

8)     Written consents to service of process from each natural person who is a person associated with CMA and engages in municipal advisory activities solely on behalf of CMA.

ALL BOOKS AND RECORDS REQUIRED TO BE MADE AS DISCUSSED ABOVE SHALL BE MAINTAINED AND PRESERVED FOR A PERIOD OF NOT LESS THAN FIVE YEARS, THE FIRST TWO IN AN EASILY ACCESSIBLE PLACE.

In addition, the following records must be made and maintained:

Partnership articles and any amendments thereto, articles of incorporation, charters, minute books and stock certificates of CMA and stock certificates books of CMA and any predecessor, excluding those that were only on effect prior to January 13, 2014, shall be maintained in the principal office of CMA and preserved until at least three years after the termination of the business or withdrawal from registration of CMA



8

Confidential Treatment Requested by Capital Markets Advisors, LLC

CMA_0008

# MSRB Rules

**Rule G-44   Supervisory and Compliance Obligations**

**Rule G-20   Gifts and Gratuities to Public Jurisdictions and their Employees**

**Rule G 37   Political Contributions to Elected Officials Involved in MA Selection**



9

Confidential Treatment Requested by Capital Markets Advisors, LLC

CMA_0009