UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ROCHESTER, NEW YORK, ROSILAND BROOKS-HARRIS, CAPITAL MARKETS ADVISORS, LLC, RICHARD GANCI, AND RICHARD TORTORA,<br><br>Defendants. | **FINAL JUDGMENT AS TO THE CITY DEFENDANTS**<br><br>22-CV-6273-EAW |

The Securities and Exchange Commission having filed a Complaint and Defendant City of Rochester, New York, and Defendant Rosiland Brooks-Harris (collectively, the "City Defendants") having entered general appearances; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the City Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)       to employ any device, scheme, or artifice to defraud;

    (b)       to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)       to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the City Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the City Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the City Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)       to employ any device, scheme, or artifice to defraud;

    (b)       to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)       to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) the City Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the City Defendants or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Sections 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(1) and (5)], and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Defendant Rosiland Brooks-Harris is permanently restrained and enjoined from directly, or indirectly, (i) participating in any issuance, purchase, offer, or sale of municipal securities, as defined in Section 3(a)(29) of the Exchange Act [15 U.S.C. § 78c(a)(29)], including but not limited to engaging or communicating with a broker, dealer, municipal securities dealer, municipal advisor, bond insurer, nationally recognized statistical rating organization, investor, issuer or obligated person for purposes of issuing, purchasing, offering, or selling any municipal security; and (ii) participating in the preparation of any materials or information, which Brooks-Harris should reasonably expect to be submitted to the Municipal Securities Rulemaking Board's Electronic Municipal Market Access system in connection with an offering or a continuing disclosure obligation, or which Brooks- Harris should reasonably expect to be provided to investors in connection with any offering (including a private placement) of municipal securities, provided however, that such injunction shall not prevent Brooks-Harris from purchasing or selling municipal securities for her own personal account.  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Brooks-

Harris shall provide a copy of the Final Judgment to any issuer or obligated person with which she is employed as of the date of the entry of the Final Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Brooks-Harris's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Brooks-Harris or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant City of Rochester, New York, and the Consent of Defendant Rosiland Brooks-Harris are incorporated herein with the same force and effect as if fully set forth herein, and that the City Defendants shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: __October 16__, __2024__

_____
HON. ELIZABETH A. WOLFORD
UNITED STATES DISTRICT JUDGE