UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ROCHESTER, NEW YORK, ROSILAND BROOKS-HARRIS, CAPITAL MARKETS ADVISORS, LLC, RICHARD GANCI, AND RICHARD TORTORA,<br><br>Defendants. | **FINAL JUDGMENT AS TO THE CMA DEFENDANTS**<br><br>22-CV-6273-EAW |

The Securities and Exchange Commission having filed a Complaint and Defendants Capital Markets Advisors, LLC, Richard Ganci, and Richard Tortora (collectively, the "CMA Defendants") having entered general appearances; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the First, Second, Third, Fifth, and Twelfth Claims for Relief in the Complaint [Dkt. No. 1] are hereby DISMISSED WITH PREJUDICE to the extent that such claims are alleged against Defendant Capital Markets Advisors, LLC, and/or Defendant Richard Ganci.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the CMA Defendants

are permanently restrained and enjoined from violating, directly or indirectly, Section 15B(c)(1) of the Exchange Act, 15 U.S.C. § 78o-4(c)(1), while a municipal advisor or while associated with a municipal advisor, by making use of the mails or any means or instrumentality of interstate commerce:

(1) to provide advice to or on behalf of a municipal entity or obligated person with respect to municipal financial products, the issuance of municipal securities, or to undertake a solicitation of a municipal entity or obligated person, in contravention of any rule of the Municipal Securities Rulemaking Board ("MSRB"); or

(2) to engage in any act, practice, or course of business which is not consistent with a municipal advisor's fiduciary duty or that is in contravention of any rule of the MSRB.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the CMA Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the CMA Defendants or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the CMA Defendants are permanently restrained and enjoined from violating, directly or indirectly, Rule G-17 of the MSRB in the conduct of their municipal advisory activities, by failing to deal fairly with all persons or by engaging in any deceptive, dishonest, or unfair practice.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) the CMA Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the CMA Defendants or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the CMA Defendants are permanently restrained and enjoined from violating, directly or indirectly, Rule G-42 of the MSRB by failing to comply with the municipal advisor's fiduciary duty to provide their municipal advisory client or clients full and fair disclosures in writing of all material conflicts of interest.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the CMA Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the CMA Defendants or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the CMA Defendants are permanently restrained and enjoined from violating, directly or indirectly, Rule G-44 of the MSRB by failing to establish, implement, maintain, and enforce written supervisory procedures that are reasonably designed to ensure that the conduct of municipal advisory activities by the CMA Defendants and their associated persons are in compliance with applicable securities laws and regulations, including applicable MSRB rules.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the CMA Defendants'

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the CMA Defendants or with anyone described in (a).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that each of the CMA Defendants shall pay a civil penalty to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)]. Defendant Capital Markets Advisors, LLC shall pay a civil penalty in the amount of $175,000.00; Defendant Richard Ganci shall pay a civil penalty in the amount of $30,000.00; and Defendant Richard Tortora shall pay a civil penalty in the amount of $30,000.00. The CMA Defendants shall make the required payments pursuant to the terms of the payment schedule set forth in paragraph VII below after entry of this Final Judgment.

The CMA Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. The CMA Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Capital Markets Advisors, LLC, Richard Ganci, or Richard Tortora as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

The CMA Defendants shall simultaneously transmit photocopies of evidence of payment

and case identifying information to the Commission's counsel in this action. By making this payment, each of the CMA Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to any of the CMA Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. The CMA Defendants shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

VII.

The CMA Defendants shall pay the civil penalties set forth in paragraph VI in installments to the Commission according to the following schedule:

(1) Within ten (10) days of entry of this Final Judgment, Capital Markets Advisors, LLC shall pay $35,000.00, Richard Ganci shall pay $6,000.00, and Richard Tortora shall pay $6,000.00;

(2) Within 90 days of entry of this Final Judgment, Capital Markets Advisors, LLC shall pay $35,000.00, Richard Ganci shall pay $6,000.00, and Richard Tortora shall pay $6,000.00;

(3) Within 180 days of entry of this Final Judgment, Capital Markets Advisors, LLC shall pay $35,000.00, Richard Ganci shall pay $6,000.00, and Richard Tortora shall pay $6,000.00;

(4) Within 270 days of entry of this Final Judgment, Capital Markets Advisors, LLC

        shall pay $35,000.00, Richard Ganci shall pay $6,000.00, and Richard Tortora shall pay $6,000.00; and

(5)      Within 365 days of entry of this Final Judgment, Capital Markets Advisors, LLC shall pay $35,000.00, Richard Ganci shall pay $6,000.00, and Richard Tortora shall pay $6,000.00.

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, the CMA Defendants shall contact the staff of the Commission for the amount due for the final payment.

     If Defendant Capital Markets Advisors, LLC fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments owed by Defendant Capital Markets Advisors, LLC under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

     If Defendant Richard Ganci fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments owed by Defendant Richard Ganci under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

     If Defendant Richard Tortora fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments owed by

Defendant Richard Tortora under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Capital Markets Advisors, LLC, the Consent of Defendant Richard Ganci, and the Consent of Defendant Richard Tortora are incorporated herein with the same force and effect as if fully set forth herein, and that the CMA Defendants shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by the CMA Defendants, and further, any debt for civil penalty or other amounts due by any of the CMA Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by such Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: December 26, 2024

_____
HON. ELIZABETH A. WOLFORD
UNITED STATES DISTRICT JUDGE